| | | |
|---|---|---|
| JERMAINE DAVIS; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| v. | ) | |
| | ) | |
| PATRICE A. BARBER, DDS; and PATRICE | ) | |
| A. BARBER DDS & ASSOCS., PA d/b/a | ) | |
| ALLIANCE FAMILY DENTAL; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jermaine Davis, complaining of the Defendants herein named, alleges and says that:

## I.  PARTIES

1.  Plaintiff Jermaine Davis (hereinafter "Plaintiff") is a citizen and resident of Orange County, Florida and is under no legal disability.

2.  Upon information and belief, Defendant Patrice A. Barber, DDS (hereinafter "Defendant Barber") is a citizen and resident of Cumberland County, North Carolina, is under no legal disability, and, at all times pertinent hereto, was a dentist and doctor of dental surgery licensed by the State of North Carolina, holding herself out to the public in general and to Plaintiff in particular as a dentist and doctor of dental surgery.

3.  At all times alleged herein, Defendant Barber was engaged in the active practice of dentistry and dental surgery and practiced in Cumberland County.

4.  Upon information and belief, Defendant Patricia A. Barber DDS & Assocs., PA does business as Alliance Family Dental (hereinafter "Defendant Alliance Family Dental"), and was at all relevant times a for-profit corporation organized and existing under and by virtue of the laws and statutes of the State of North Carolina, having its office and principal place of business at 5428 Yadkin Road,

Fayetteville, North Carolina 28303 in Cumberland County.

5. Upon information and belief, at all times herein mentioned, Defendant Barber was an agent, servant and/or employee of Defendant Alliance Family Dental and, at all times relevant to this Complaint, was acting within the course and scope of her employment and in furtherance thereof.

6. Upon information and belief, at all times herein mentioned, dental assistants and technicians who participated in the care of Plaintiff at Alliance Family Dental were agents, servants and/or employees of Defendant Alliance Family Dental and/or Defendant Barber; were acting within the scope and course of their employment and in furtherance thereof; and were also under the supervision of Defendant Barber at all relevant times.

7. All of the Defendants are, and were at all times relevant to this action, each "health care providers" as defined in § 90-21.11 of the General Statutes of North Carolina.

8. Plaintiff's Complaint alleges facts establishing negligence under the existing common law doctrine of *res ipsa loquitur*, such that Plaintiff is not required to specifically assert that the medical care referred to in this Complaint has been reviewed by persons who are reasonably expected to quality as expert witnesses under Rule 702 of the Rules of Evidence.

## II. JURISDICTION & VENUE

9. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. Plaintiff Davis is a citizen of Orange County, Florida. Defendant Barber is a citizen of Cumberland County, North Carolina. Defendant Alliance Family Dental is a corporation incorporated under the laws of North Carolina and authorized and doing business in Cumberland County, North Carolina.

## III. ALLEGATIONS OF FACT

10. On August 7, 2019 Plaintiff Jermaine Davis presented to the office of Defendant Alliance Family Dental, located at 5428 Yadkin Road in Fayetteville, North Carolina, to undergo a wisdom tooth extraction to be

performed by Defendant Barber.

11. Local anesthesia was applied to the extraction area and Defendant Barber proceeded to perform the extraction procedure on Tooth #32.

12. During the procedure Defendant Barber told Plaintiff that she could not find a drill bit that she had been using but that she was able to continue the procedure with a different bit.

13. Plaintiff could not observe what was happening in his mouth and was not aware that a broken drill bit had been left inside of his gums during the extraction procedure.

14. Dr. Barber did not take any xrays at the conclusion of the extraction.

15. Plaintiff returned to Defendant Barber at Alliance Family Dental on August 8, 2019 and reported severe pain, tightness, and feeling like there was a knot in his lower jaw since the extraction procedure the previous day. Defendant Barber advised Plaintiff that his complaints were normal and to be expected due to the difficulty of the extraction procedure.

16. On or about August 9, 2020 Plaintiff moved from North Carolina to Florida.

17. On August 14, 2019 Plaintiff presented to Aspen Dental in Florida with unrelenting pain in his right lower jaw. Xray studies were performed and Roderick V. Mathis, DDS informed Plaintiff that there was a drill bit in his gums and that the #32 socket was infected due to the retained bit:



18.     Dr. Mathis advised Plaintiff that he could not personally remove the drill bit.

19.     Plaintiff was scheduled to relocate to Japan on August 19, 2019, so he contacted an endodontist, M. Cameron Kharazi with Mid-Florida Endodontics, to discuss removing the drill bit.

20.     On August 15, 2019 Dr. Kharazi took additional xrays which confirmed that the drill bit was in Plaintiff's gums:



21.     Dr. Kharazi advised Plaintiff that he required a root canal for Tooth #31, but that he could not remove the drill bit for Plaintiff because such a procedure was outside the scope of Dr. Kharazi's practice. Dr. Kharazi attempted a root canal but Plaintiff felt excruciating, searing pain whenever his gums were touched, so the procedure was stopped. Dr. Kharazi advised Plaintiff to return after the drill bit was removed.

22.     On August 16, 2019 Plaintiff presented to the Emergency Department of Orlando Regional Medical Center due to his continuing, constant pain. He received an injection of Bupivacaine, a local anesthetic, to his gums and was given Hydrocodone for his pain. Xrays once again confirmed that a drill bit was inside of Plaintiff's gums:

4



The providers at the Emergency Department referred him to oral surgeon Luis F. Alicea, DMD with Orofacial & Dental Implant Surgery Associates.

23.     Plaintiff presented to Dr. Alicea on August 16, 2019 and an xray exam confirmed the presence of the drill bit in Plaintiff's right lower gums:



Plaintiff was placed under general anesthesia and Dr. Alicea performed incisions to his gums and successfully removed the drill bit.

24.     On August 19, 2019 Plaintiff returned to Dr. Kharazi to undergo the root canal for Tooth #31 which had been previously attempted. This time Dr. Kharazi was able to perform the root canal without any complications.

## IV. RES IPSA LOQUITUR

25.     The allegations contained in paragraphs 1 through 24 above are expressly realleged and incorporated herein by reference as if the same had been realleged in full.

26.     Rule 9(j) of the North Carolina Rules of Procedure generally establishes heightened pleading requirements for complaints alleging medical malpractice. However, Rule 9(j)(3) states that these heightened requirements do not apply when "[t]he pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur"*.

27.     Pursuant to North Carolina common law, doctrine of *res ipsa loquitur* applies in instances where unnecessary or harmful foreign objects are left inside of a patient's body following a procedure.

28.     The common law doctrine of *res ipsa loquitur* creates an inference of negligence when a harmful or unnecessary foreign object is left inside a patient.

29.     *Res ipsa loquitur* and the resulting inference of negligence apply even when a foreign object breaks during a procedure and is left inside a patient.

30.     In the instant matter, Plaintiff Jermaine Davis was injured when Defendant Barber left a foreign object inside his body during a dental procedure. That foreign object – a metal drill bit - was under the exclusive control of the Defendants during the procedure; this injury is of a kind that does not normally occur in the absence of negligence; and the injury occurred under such circumstances that Plaintiff has no direct proof of the cause of his injury.

31.     Plaintiff's Complaint "alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*" as set forth in Rule 9 - specifically, a harmful and unnecessary foreign object in the form of a broken metal drill bit tool was left inside the Plaintiff at the conclusion of the dental procedure performed by Defendant Barber on August 7, 2019.

32.     Pursuant to the *res ipsa loquitur* doctrine, no expert testimony is necessary to establish the applicable duty of care in the instant matter, nor to explain how Defendant Barber breached that standard during his treatment of the Plaintiff. While Plaintiff bears the burden of proof for his claims he is not required to present expert testimony to meet that burden.

6

33. Plaintiff is entitled to an inference of negligence against Defendants as a matter of law pursuant to the *res ipsa loquitur* doctrine.

### V. CAUSE OF ACTION AGAINST DEFENDANT BARBER

34. The allegations contained in Paragraphs 1 through 33 above are expressly realleged and incorporated herein by reference as if the same had been realleged in full.

35. Upon information and belief, at all times herein complained of, Defendant Barber was an officer, partner, stockholder, owner, agent, servant or employee of Defendant Patrice A. Barber DDS & Assocs. doing business as Alliance Family Dental.

36. Defendant Barber, while in the course and scope of her employment with Defendant Alliance Family Dental, was negligent, reckless, and careless in the treatment and care of Plaintiff in or more of the following ways:

    a) she failed to possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess;

    b) she failed to exercise reasonable care and diligence in the application of her knowledge and skill to Plaintiff's care;

    c) she failed to use her best judgment in the care and treatment of Plaintiff, her patient;

    d) she failed in her duty to remove all harmful and unnecessary foreign objects at the completion of the procedure performed on the Plaintiff;

    e) she failed to reasonably supervise the technicians and/or staff assisting her in the procedure performed on the Plaintiff;

    f) she failed to reasonably explore the procedural area for location and removal of any foreign objects at the completion of the procedure;

    g) she failed to timely and adequately discover that the object was retained post-operatively; and

    h) she failed to timely and adequately diagnostic studies, such as an xray, which would have immediately revealed the presence of the retained object.

39. The negligent acts and omissions of any and all technicians and/or assistants committed during the subject procedure on Plaintiff are imputed to Defendant Barber as the employer for said

technicians and/or assistants, and Defendant Barber is responsible therefore under the theory of respondeat superior.

40.     To the extent that any technicians and/or assistants who participated in the care of Plaintiff during the subject procedure were acting as "borrowed servants" from Defendant Alliance Family Dental, or were the direct agents, servants or employees of Defendant Barber, Defendant Barber had the right to control the manner in which they performed their duties and therefore any negligent, reckless, and/or careless acts committed by said technicians and/or assistants are imputed to Defendant Barber such that she is responsible for the same under the theory of respondeat superior.

41.     The negligence of Defendant Barber, as aforesaid, was a direct and proximate cause of the injuries to her patient, Plaintiff Jermaine Davis, and the pain, suffering, mental anguish and disability, and medical expenses suffered by Plaintiff.

## VI.  CAUSE OF ACTION AGAINST DEFENDANT ALLIANCE FAMILY DENTAL

42.     The allegations contained in Paragraphs 1 through 41 above are expressly realleged and incorporated herein by reference as if the same had been realleged in full.

43.     The negligent acts and omissions of Defendant Barber and any and all technicians and/or assistants who participated in the care of Plaintiff, in failing to ensure that all foreign objects were removed from Plaintiff's body at the conclusion of the surgery, were committed while in the course and scope of their agency and/or employment with Defendant Alliance Family Dental, such that Defendant Alliance Family Dental is responsible for the aforesaid negligence under the theory of respondeat superior.

44.     Plaintiff was a patient of Defendant Alliance Family Dental which owed Plaintiff a duty to provide dental and medical care and treatment in accordance with the applicable standard of care, including a duty to remove all harmful and unnecessary foreign objects at the completion of the extraction procedure on August 7, 2019.

45.     The negligence of Defendant Alliance Family Dental, as aforesaid, was a direct and proximate cause of the injuries to its patient, Plaintiff Jermaine Davis, and the pain, suffering, mental anguish and disability, and medical expenses suffered by Plaintiff.

### VII.  DAMAGES

46.      The allegations contained in paragraphs 1 through 45 above are expressly realleged and incorporated herein by reference as if the same had been realleged in full.

47.     As a result of the negligent acts and omissions of Defendants and the conduct and failures herein described, Plaintiff suffered personal injury and the consequences thereof, including conscious physical pain, mental suffering and temporary disability.

48.     As a result of the negligent acts and omissions of Defendants and the conduct and failures herein described, Plaintiff incurred medical expenses that would have been unnecessary but for the negligent acts and omissions of the Defendants.

49.     As a result of the negligent acts and omissions of Defendants and the conduct and failures herein described, Plaintiff is entitled to receive compensatory damages in an amount in excess of Seventy-five Thousand Dollars ($75,000.00).

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1.  That the Plaintiff have and recover from the Defendants, jointly and severally, damages in an amount in excess of $75,000.00;

2.  For a trial by jury of each issue of fact raised by the pleadings herein and the evidence adduced at trial;

3.  For the costs incurred by the prosecution of this action including all prejudgment interest; and

4.  For such other and further relief as the Court may deem just and proper in the premises.

9

DATED this 5th day of July, 2022.

MACAM LAW, PLLC

**BY**: s/Victor Macam
Victor Macam
N.C. State Bar No.: 49369
1135 Kildaire Farm Road, Suite 200
Cary, NC 27511
Phone: (919) 443-5526
Fax: (919) 590-1921
Email: victor@macamlaw.com
*Counsel for Plaintiff*

10